FILED
July 12, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____MR_____
              Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No: SA:23-CR-00362-XR |
| v. | |
| RACHEL NICOLE WOOLARD | I N D I C T M E N T |
| | [Violation: Failure to Collect and Pay Over Withholding Taxes, 26 U.S.C. § 7202] |
| THE GRAND JURY CHARGES: | |

Introduction

At all times relevant to this Indictment, Reliance Therapy Staffing, LLC, (hereinafter "RTS") was a limited liability company doing business in New Braunfels, Texas, which is within the Western District of Texas.

Defendant RACHEL NICOLE WOOLARD was the owner, operator, and managing member of RTS.  As such, she exercised control over every aspect of RTS's business affairs, including approving all payments by the company and controlling all of RTS's bank accounts.

The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

During the period 2018 through the first quarter of 2020, Defendant RACHEL NICOLE WOOLARD caused RTS to make tens of thousands of dollars for Defendant's personal benefit while, at the same time, failing to truthfully account for and pay over to the IRS payroll tax withheld from RTS's employees' paychecks.  For example, Defendant RACHEL NICOLE WOOLARD spent tens of thousands of dollars on discretionary living expenditures including private school tuition.

Employment Tax Withholding

Pursuant to the Internal Revenue Code and associated statutes and regulations, employers are required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. These taxes will be referred to in this Indictment collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States. Employers are required to remit these withheld, trust fund amounts to the IRS on a quarterly basis, no later than the last day of month following the end of the quarter. In addition to the trust fund taxes that must be withheld from pay, employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions are likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly are commonly referred to as "employment taxes," made up of the trust fund taxes withheld (individual income, Social Security and Medicare taxes) and the matching amounts contributed by the employer. Employers are required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits. A person is responsible for collecting, accounting for, and paying over the employment taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

DEFENDANT exercised control over RTS's financial affairs as the managing member by, among other acts, approving payments, signing checks, and controlling bank accounts; thus, she was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for RTS's employees.

## Statutory Allegations

The introductory paragraphs of this indictment are re-alleged as if fully set forth herein.

DEFENDANT was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of RTS the trust fund taxes imposed on its employees by the Internal Revenue Code.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

<u>Counts One through Nine</u>
[26 U.S.C. § 7202]

On or about the dates listed in the table below, for each of the calendar quarters listed below, in the Western District of Texas, DEFENDANT did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of RTS.

| Count | Tax Period | Income Tax | Social Security | Medicare | Total |
|---|---|---|---|---|---|
| 1 | 2018 Q1 | $ 69,690.72 | $ 40,509.25 | $ 9,473.94 | $119,673.91 |
| 2 | 2018 Q2 | $ 68,814.32 | $ 41,642.87 | $ 9,739.06 | $ 120,196.25 |
| 3 | 2018 Q3 | $ 60,028.60 | $ 37,433.13 | $ 8,754.53 | $ 106,216.26 |
| 4 | 2018 Q4 | $ 67,325.80 | $ 42,752.40 | $ 9,998.54 | $ 120,076.74 |
| 5 | 2019 Q1 | $ 48,264.60 | $ 30,175.89 | $ 7,057.27 | $ 85,497.76 |
| 6 | 2019 Q2 | $ 61,196.40 | $ 36,804.61 | $ 8,607.53 | $106,608.54 |
| 7 | 2019 Q3 | $ 56,103.40 | $ 34,556.68 | $ 8,081.80 | $ 98,741.88 |
| 8 | 2019 Q4 | $ 56,071.40 | $ 33,580.60 | $ 7,853.53 | $ 97,505.53 |
| 9 | 2020 Q1 | $ 39,028.00 | $ 25,292.67 | $ 5,915.22 | $ 70,235.89 |
| Total | | $526,523.24 | $322,748.10 | $75,481.42 | **$924,752.76** |

In violation of Title 26, United States Code, Section 7202.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
United States Attorney

_____
FOR WILLIAM R. HARRIS
Assistant United States Attorney